# GOTTFRIED *v.* CRESCENT BREWING Co.

## SAME *v.* GAFF and others.

## SAME *v.* HACK and others.

*(Circuit Court, D. Indiana. December 5, 1884.)*

1. PATENTS FOR INVENTIONS.
   Evidence of settlements for infringements is not competent to show a license fee or royalty, and a license for the future, given wholly or partially in consideration of such settlements, is not admissible in evidence against a stranger.

2. PRACTICE—MASTER'S REPORT—ERRORS ELIMINATED.
   Exceptions to a master's report will be overruled, notwithstanding errors committed, if upon the entire report it is evident that the errors did not affect the conclusion.

Exceptions to Master's Report.

*Banning & Banning,* for complainants.

*Parkinson & Parkinson,* for defendants.

WOODS, J. The exceptions filed are needlessly numerous and prolix. The question to be considered is whether the damages awarded the plaintiff for the infringement of his patent are excessive. In so far as the master has found that the proof showed an established royalty or license fee, within the meaning of *Seymour* v. *McCormick,* 16 How. 485, I think he erred. I am still of the opinion declared in *National Car-brake Shoe Co.* v. *Terre Haute, etc., Co.* 19 FED. REP. 514, and *Westcott* v. *Rude,* Id. 830, that evidence of settlements for infringements is not competent to show a license fee or royalty; and, upon the same principle, a license (for the future) given wholly or partially in consideration of a settlement for infringements, is not admissible in evidence against a stranger. There are other minor points concerning which I find it unnecessary to form an opinion. Like those stated, they are eliminated from the case by the final position upon which the master rests his conclusion. "There is a square conflict," says the report, "in the evidence of the plaintiff and defendant as to the value of the invention. * * * In my judgment, the evidence of the complainant on this point is entitled to the greater weight, and, *irrespective of any supposed license fee or royalty,* I regard fifteen cents per keg, and one dollar and fifty cents per cask, for each pitching, a fair and reasonable rate for estimating complainant's damages." There is nothing in the record to justify a disturbance of this conclusion, although the contrary evidence, standing by itself, is undeniably strong.

It is shown that soon after the issue of the patent the patented machine was offered to the public, and in some instances sold, at prices varying from $100, at first, to $80, $60, and $40, at later dates; and that in a contract between the patentees, whereby one of

them was to manufacture and sell the machines, it was stipulated that the other should be entitled to a royalty of $10 only upon each machine. While I am of opinion that these facts constitute competent evidence against the plaintiff in respect to the value of the invention, being in the nature of admissions, I do not agree with counsel for defendants that the plaintiff is concluded thereby, since sales were not made in such numbers and at such uniform prices as to constitute an established license fee.

Exceptions overruled, and judgment on report for the several amounts therein named for the respective cases.